## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| Kyle Altenbernt and Janette Altenbernt, | Chapter 7<br>Case No. 08-65059-MBM<br>Hon. Marci B. McIvor |
| Debtors.<br>_____ / | |
| Timothy J. Miller, Trustee, | |
| Plaintiff, | Adv. Proc. No. 09-4218-MBM<br>Hon. Marci B. McIvor |
| vs. | |
| Norris Williams, and<br>Verna Williams | |
| Defendants.<br>_____ / | |

## DEFAULT JUDGMENT AS TO DEFENDANT
## NORRIS WILLIAMS AND AS TO DEFENDANT VERNA WILLIAMS

The Plaintiff, Timothy J. Miller, chapter 7 trustee, filed on February 3, 2009 a complaint against Defendant Norris Williams and Defendant Verna Williams. The complaint was served in accordance with the court rules. There was no answer nor other response filed. Notice of default was issued and the Plaintiff filed an application for default judgment in accordance with L.B.R. 7055-1 (E.D.M.). The court being otherwise advised,

IT IS HEREBY ORDERED that, judgment be and is hereby entered in favor of Plaintiff, Timothy J. Miller, Trustee and against Defendant Norris Williams and Defendant Verna Williams, jointly and severally,

AND FURTHER that the transfer of 1313 Pops Court, Jackson, Michigan, a parcel of land and improvements having the following legal description:

> "In the Township of Blackman, County of Jackson, State of Michigan, being Lot 3, Williams Studer's Subdivision, according to the recorded plat thereof, as recorded in Liber 14 of Plats, Page 2, Jackson County Records."
>
> Parcel I.D. No. 000-08-21-454-001-00, ("the Property"),

by the Debtor, Kyle L. Altenbernt and Debtor, Jeanette I Altenbernt to Defendant Norris Williams and Defendant Verna Williams via quit claim deed recorded September 3, 2008 ("the Transfer") is avoided and set aside, and preserved for the benefit of Plaintiff pursuant to 11 U.S.C. ▪551.

FURTHER, judgment is hereby entered in favor of Plaintiff, Timothy J. Miller, Trustee and against Defendant Norris Williams and Defendant Verna Williams jointly and severally in the amount of $80,000.00 pursuant to 11 U.S.C. ▪550(a)(1). In the event that the Trustee sells the Property and net proceeds of sale are realized by the bankruptcy estate, credit shall be given against this $80,000.00 judgment amount, however the Trustee shall not be obligated to sell the Property as a condition of collecting the judgment amount. Interest on said judgment amount shall accrue at the prevailing federal judgment rate. Costs in the amount of $250.00 (the adversary complaint filing fee) are also awarded to the Trustee.
.

**Signed on March 10, 2009**

                                      __/s/ Marci B. McIvor__
                                      **Marci B. McIvor**
                                      **United States Bankruptcy Judge**